# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3342WM

_____

|  |  |  |
|---|---|---|
| Susan Rose, | * | |
| | * | |
| Appellant, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Western District |
| | * | of Missouri. |
| Kenneth S. Apfel, Commissioner of | * | |
| Social Security, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 12, 1999
Filed: June 21, 1999

_____

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and PERRY,[1] District
Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.

_____

[1]The Hon. Catherine D. Perry, United States District Judge for the Eastern
District of Missouri, sitting by designation.

Susan Elaine Rose appeals the denial of her application for social-security disability benefits. The District Court[2] upheld the decision of the Commissioner, and we affirm.

I.

The issue in this case is whether the denial of Ms. Rose's application for benefits is supported by substantial evidence. Ms. Rose argues that it is not, citing the failure of the Administrative Law Judge[3] to make findings with respect to the mental demands of her previous work as an administrative assistant. Her argument is that the ALJ must have determined that her mental impairment was severe, because the ALJ made the decision that she is not disabled at step four of the decision-making process, as opposed to step two of the process.[4] In other words, Ms. Rose argues that the ALJ could have never gotten to step four without having decided, at step two, that her mental impairment was severe. If that is the case, Ms. Rose argues, the ALJ was required to make specific findings as to her residual functional capacity and the actual mental

---

[2]The Hon. Gary A. Fenner, United States District Judge for the Western District of Missouri.

[3]The Hon. James E. Darst.

[4]A brief summary of the five-step process to determine whether a claimant is disabled may be helpful. At step one, an ALJ must determine whether the claimant is engaged in substantial gainful activity. If so, the claim is denied. At step two, the ALJ must decide whether the claimant's impairment is "severe." If it is not, the claim is denied. At step three, the ALJ must determine whether the impairment equals or exceeds in severity certain impairments described in the regulations. If it does, the claimant is awarded benefits. If it does not, the ALJ must consider whether the claimant has sufficient "residual functional capacity" to perform his or her past work. If so, the claim is denied. At step five, the ALJ must determine whether the claimant can perform any other gainful and substantial work within the economy. See 20 C.F.R. § 404.1520.

demands of her past work, before determining the ultimate question whether she possessed the residual functional capacity to return to her past work. The Commissioner argues that the sequential analysis was carried through to step four not because the ALJ determined that the appellant's mental impairment was severe (since the ALJ determined, in fact, that the mental impairment was not severe), but because no similar findings were made with respect to the appellant's claimed physical impairments, asthma and diabetes.

## II.

We believe the evidence supports the Commissioner's argument. Both the District Court's order and the ALJ's decision fairly summarize the medical history, Ms. Rose's subjective complaints, and her daily life activities, which are extensive. Ms. Rose applied for benefits claiming disability due to diabetes and asthma, and shortly thereafter complained of anxiety and panic attacks. She had previously worked for Shelter Insurance for more than 28 years as a document control clerk and administrative assistant. She quit her job in October, 1994, after developing asthma, and she began receiving treatment for an anxiety disorder and panic attacks in March, 1995. The medical records reflect treatment by a variety of doctors for breathing problems, anxiety, depression, and panic attacks. After considering all the evidence, the ALJ found that Ms. Rose's allegations of symptoms were not credible. This finding is supported by evidence that Ms. Rose's asthma and diabetes were controlled successfully by medication, that her pulmonary specialist did not believe she was disabled and placed no environmental restrictions upon her, and that her daily life activities were extensive.

With respect to the claim of mental impairment, the evidence was that Ms. Rose received outpatient psychiatric treatment for complaints of nervousness from March to June of 1995. She was diagnosed initially as having single-episode major depression, panic disorder, and anxiety, for which she was prescribed medicines to counter the

depression and anxiety. Ms. Rose was diagnosed later as having only "mild" mental impairment, and the evidence was that she continued to improve. In June, 1995, Ms. Rose reported to her psychiatrist that she was " '90%' improved . . . and was a 'different person' who could smile and love life again." Appellant's Add. at 26. The ALJ reviewed the evidence presented by Ms. Rose, and concluded that:

> There is no evidence that the claimant has had problems with concentration, persistence, or pace resulting in a failure to complete tasks in a timely manner, or that the claimant has ever deteriorated or decompensated in a work or work-like situation. Further, there is no evidence showing the claimant's daily activities or her social functioning is limited or restricted by any mental condition. Ironically, to the contrary, she reported being quite active . . ..

Appellant's Add. at 6. The testimony was that Ms. Rose was able to cook meals, shop for groceries, read, volunteer at her church several times each week, wash dishes, mop, do laundry, swim, straighten her house, visit with family and friends, go to her mother's house and prepare meals twice daily, and attend coffees at the library two afternoons a week. In addition, as the District Court found, "no medical doctor or psychologist ever hospitalized plaintiff for a mental impairment, or opined that she was disabled by any mental condition." Appellant's Add. at 26.

We believe there is substantial evidence to support the ALJ's decision that Ms. Rose did not have a severe mental impairment. The opinions of the ALJ and the District Court are thorough, and we have little to add. We cannot agree with Ms. Rose that the ALJ erred in failing to make specific findings regarding the mental demands of her past work, because, as the District Court noted, "the ALJ had already determined that mental limitations did not significantly affect [Ms. Rose's] ability to work." Appellant's Add. at 29. In addition, there is the Commissioner's argument that the decision was made at step four because the ALJ had determined at step two that Ms. Rose's physical impairments, asthma and diabetes, were severe.

Finally, Ms. Rose points us to two cases, <u>Groeper v. Sullivan</u>, 932 F.2d 1234 (8th Cir. 1991), and <u>Salts v. Sullivan</u>, 958 F.2d 840 (8th Cir. 1992), in support of her argument. As the Commissioner notes, these cases are distinguishable because they both involve claimants with severe mental impairments.

Affirmed.

A true copy.

    Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.