# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1899

_____

Marilyn Kitts,                                          *
                                                        *
        Appellant,                                *
                                                        *     Appeal from the United States
   v.                                               *     District Court for the
                                                        *     Eastern District of Arkansas.
Kenneth S. Apfel, Commissioner Social                   *
Security Administration,                                *     [PUBLISHED]
                                                        *
        Appellee.                                 *

_____

Submitted:  January 10, 2000
Filed:  February 17, 2000

_____

Before BOWMAN and LOKEN, Circuit Judges, and ALSOP,[1] District Judge.

_____

PER CURIAM.

Marilyn Kitts applied for supplemental security income (SSI), alleging disability beginning March 16, 1995, from leg, back, and hand problems. After a hearing, an administrative law judge (ALJ) found that despite Kitts's severe spondylolisthesis (forward movement of a lower lumbar vertebra), she had the residual functional capacity to perform a full range of sedentary work based on the Medical Vocational Guidelines, and thus she was not disabled. The ALJ discredited Kitts's allegations of

_____

[1]The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota, sitting by designation.

disabling pain to the extent alleged because of her daily activities, her "minimal" medical treatment history, and the lack of restrictions ordered by physicians; he also noted that back surgery had not been recommended. In declining a request for review, the Appeals Council considered additional medical records indicating that Kitts's back problems had continued and surgery had been scheduled. We note that, after her surgery, Kitts reapplied for SSI and obtained benefits as of July 15, 1997.

The District Court affirmed the denial of benefits on Kitts's first application. Kitts appeals, arguing the ALJ failed to consider evidence suggesting she suffered from a severe mental impairment, improperly discredited her subjective complaints of disabling pain and physical limitations, and incorrectly concluded she was able to perform sedentary work.

When the Appeals Council has considered new and material evidence and declined review, we must decide whether the ALJ's decision is supported by substantial evidence in the whole record, including the new evidence. See Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1995).

We are unable to ascertain whether Kitts's subjective complaints of disabling pain and physical limitations were properly discredited. Therefore, on this issue, we remand to the District Court with instructions to remand to the Social Security Administration. On remand, the ALJ should develop the record more fully to determine whether Kitts's back surgery and postoperative status change his findings as to the period from March 16, 1995 to July 15, 1997, or for some part of that period measured from an onset date later than March 16, 1995. If the ALJ determines that he improperly discounted Kitts's subjective complaints, the ALJ will then be required to obtain the testimony of a vocational expert rather than relying on the guidelines to determine the availability of jobs Kitts could have performed. See Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996) (generally when claimant has nonexertional impairment, such as

pain, ALJ must obtain testimony from vocational expert to satisfy Commissioner's burden at step five of sequential process).

Because Kitts did not allege a mental impairment in her application or at the hearing, and because the record shows only a diagnosis of anxiety and prescriptions for anti-anxiety medication from her family practitioner, we find the ALJ was not on notice of a need to develop the record further in that regard.  See Sullins v. Shalala, 25 F.3d 601, 605 (8th Cir. 1994) (ALJ ordinarily has no obligation to investigate claims not presented at time of application or not offered at hearing), cert. denied, 513 U.S. 1076 (1995).

For the reasons stated, we reverse and remand with instructions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.