# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1085

_____

Dale C. Baumann,        *
       *
       Appellant,        *
       *
       v.        *   Appeal from the United States
       *   District Court for the
Kenneth S. Apfel, Commissioner of    *   District of North Dakota.
Social Security,        *
       *   [Unpublished]
       Appellee.        *

_____

Submitted: October 30, 2000
Filed: November 8, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
      Judges.

_____

PER CURIAM.

Dale C. Baumann appeals the District Court's[1] order affirming the
Commissioner's decision to deny his applications for disability insurance benefits and
supplemental security income. Baumann had alleged he could not work because of

_____

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for
the District of North Dakota, adopting the report and recommendations of the
Honorable Karen K. Klein, United States Magistrate Judge for the District of North
Dakota.

pain in his back, groin, and ankles. After a hearing, the administrative law judge (ALJ) found Baumann was not disabled because he had the residual functional capacity (RFC) to perform the unskilled sedentary to light work that a vocational expert had identified.

On appeal Baumann argues the ALJ erred by (1) improperly discrediting his subjective complaints of pain; (2) failing to properly consider his spouse's testimony; and (3) determining his RFC based on the opinion of the testifying medical expert, Dr. Hammarsten, rather than the opinions of his treating physicians, Drs. Akkerman and Pepe. Baumann also contends the Appeals Council erred by declining to consider post-decision records he submitted, and by failing to complete a psychiatric review technique form (PRTF). After a thorough review of the record, and for the reasons discussed below, we reject Baumann's arguments, and conclude that the ALJ's findings are supported by substantial evidence on the record as a whole. See Cunningham v. Apfel, 222 F.3d 496, 500 (8th Cir. 2000) (standard of review).

Contrary to Baumann's contention, the ALJ discounted his subjective complaints by noting inconsistencies in the record as a whole. See Gray v. Apfel, 192 F.3d 799, 803 (8th Cir. 1999). The ALJ noted not only the weak objective medical evidence, but also other inconsistencies in the record: Baumann's ability to pass a physical examination to qualify as a truck driver as late as 1992; the absence of back-pain complaints before March 1994, despite an alleged onset date of August 1989; the link between his complaints of back pain and heavy activities; and the absence of medication side effects. Because the same evidence would support discounting the testimony of Baumann's wife, the ALJ's failure to articulate reasons for discrediting her testimony is inconsequential. See Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

We also reject Baumann's challenge to the ALJ's adoption of Dr. Hammarsten's RFC finding. Dr. Akkerman declined to give an opinion as to RFC, and Dr. Pepe's

statement--that a disability application "appear[ed] to be a reasonable alternative," and Baumann was limited to "relatively sedentary" work involving no bending or straining-- was less than clear. See Qualls v. Apfel, 158 F.3d 425, 428 (8th Cir. 1998) (finding that ALJ need not adopt opinion of treating physician on ultimate issue of claimant's ability to work); Piepgras v. Chater, 76 F.3d 233, 236 (8th Cir. 1996) (concluding treating physician's vague opinion had limited value). Dr. Hammarsten's testimony was based on his review of the medical records and questions posed to Baumann at the hearing, and was consistent with the evidence showing Baumann primarily sought care for back pain only after engaging in strenuous activities. Cf. id. (holding ALJ's finding that claimant's diabetes was not disabling was supported by medical expert's testimony that claimant could perform medium work and claimant's wide range of activities).

As to the additional records submitted to the Appeals Council, we find that these records do not detract from the ALJ's conclusions regarding Baumann's alleged depression and pain. There were no referrals to mental health professionals and only vague references to depression in the records before the ALJ; the psychologist who evaluated Baumann in 1997 (post-decision) did not recommend psychological follow-up, or any change in the medication prescribed by his family practitioners; and Baumann did not allege depression as a basis for disability, even at the hearing. Cf. Kitts v. Apfel, 204 F.3d 785, 786 (8th Cir. 2000) (per curiam) (finding ALJ not on notice of need to further develop record where claimant did not allege mental impairment in application or at hearing and record showed only diagnosis of anxiety with prescriptions for anti-anxiety medications from family practitioner); Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993) (concluding ALJ justified in discounting psychiatrist's report where claimant did not allege disabling mental impairment in application, merely made vague statements about nervousness, and had never sought or been referred for mental health treatment). The additional 1997 records do not undercut the ALJ's reasons for discounting Baumann's allegedly disabling pain either, because they reflect at most a post-decision worsening of his pain. Finally, because the

Appeals Council declined review, it did not issue a decision and a PRTF was not required.  <u>See</u> 20 C.F.R. §§ 404.1520a(d), 416.920a(d) (1999).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.