# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2803

_____

| | | |
|---|---|---|
| Phyllis M. Burns, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Larry G. Massanari, Acting | * | [UNPUBLISHED] |
| Commissioner of Social Security, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 7, 2001

Filed: June 12, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
Circuit Judge.

_____

PER CURIAM.

Phyllis M. Burns appeals the district court's order affirming the Commissioner's decision to deny Burns's applications for supplemental security income and disability insurance benefits. We affirm.

We conclude the administrative law judge (ALJ) correctly evaluated the severity of Burns's depression and associated functional limitations. Burns did not allege disabling depression in her applications; and although she was treated for depression,

took prescription and antidepressants, and attended counseling, no treating physician indicated her depression was disabling, her therapist opined her depression was somewhat situational in nature, and a consultative neuropsychiatrist found no specific abnormalities other than a mildly depressed mood. See Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001) (failure to allege disabling mental impairment in application is significant, even if evidence of depression was later developed); cf. Qualls v. Apfel, 158 F.3d 425, 428 (8th Cir. 1998) (ALJ need not adopt treating physician's opinion on ultimate issue of disability). The ALJ also followed the proper procedure for evaluating Burns's mental impairment, see 20 C.F.R. §§ 404.1520a, 416.920a (2000), and the ALJ's findings are supported by the record, see Rose v. Apfel, 181 F.3d 943, 944-45 (8th Cir. 1999) (although claimant received outpatient psychiatric treatment and was diagnosed as having depression, depression was not disabling because there was no evidence of problems with concentration, persistence, or pace, of deterioration in work situation, or of related limitation of daily activities).

We also conclude the ALJ made sufficient findings about the physical and mental demands of Burns's past relevant sedentary work as a telemarketer. Burns testified she could stand for 10 to 15 minutes and could work some; her medical records noted no limitations on either of these activities; and, based on her vocational report, a telephone operator did not need to lift. See 20 C.F.R. § 404.1567(a) (2000) (sedentary work requirements). The ALJ properly considered the mental demands of Burns's past work by referring to the job description for telephone solicitor in the Dictionary of Occupational Titles, see Pfitzner v. Apfel, 169 F.3d 566, 569 (8th Cir. 1999), and by determining her mental limitations did not affect her ability to work, see Rose, 181 F.3d at 945.

Accordingly, we find substantial evidence supports the ALJ's findings, see Cunningham v. Apfel, 222 F.3d 496, 500 (8th Cir. 2000) (standard of review), and affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.