# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2035

_____

| | | |
|---|---|---|
| Albert A. Jewell, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jo Anne B. Barnhart, Commissioner, | * | Western District of Missouri. |
| Social Security Administration, | * | |
| | * | **[UNPUBLISHED]** |
| Appellee. | * | |

_____

Submitted: December 18, 2002
Filed: December 23, 2002

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Albert Jewell appeals the judgment of the district court[1] affirming the Social Security Commissioner's denial of Jewell's applications for disability insurance benefits and supplemental security income. For the reasons that follow, we affirm.

Jewell, who was born in June 1963, claimed he could no longer work after July 1999, primarily because of pain and arthritis in many parts of his body, and bilateral

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

carpal tunnel syndrome. After a hearing, an administrative law judge (ALJ) determined, based in part on a vocational expert's testimony, that Jewell could not return to his past work but was nevertheless not disabled because he could perform jobs existing in significant numbers, such as construction flagger, parking lot attendant, and usher or ticket-taker.

Having reviewed the record, we disagree with Jewell's contention on appeal that the ALJ erred in finding Jewell did not have a severe mental impairment. The ALJ's determination was consistent with findings of the mental health professionals who evaluated Jewell, and is therefore supported by substantial evidence. See Rose v. Apfel, 181 F.3d 943, 944-45 (8th Cir. 1999). In addition, the ALJ expressly considered Jewell's exertional and nonexertional impairments, gave proper consideration to Jewell's subjective complaints, and discounted some of his subjective complaints for legally sufficient reasons. See Pearsall v. Massanari, 274 F.3d 1211, 1217-18 (8th Cir. 2001); Dunahoo v. Apfel, 241 F.3d 1033, 1038-39 (8th Cir. 2001) (ALJ's credibility determination supported by substantial evidence where he recited appropriate factors and noted inconsistencies in record, e.g., lack of physician-ordered functional restrictions). Finally, there is no merit to Jewell's conclusory argument that the Commissioner failed to meet her burden of identifying jobs existing in significant numbers that Jewell could perform.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-