# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-2406

_____

| | | |
|---|---|---|
| Theresa McGeorge, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri |
| Jo Anne B. Barnhart, Commissioner | * | |
| of Social Security Administration. | * | |
| Appellee. | * | |
| | * | |

_____

Submitted: November 6, 2002

Filed: March 11, 2003

_____

Before MCMILLIAN, MURPHY, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

In December of 1996, Theresa McGeorge applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq; and for supplemental security income benefits based on disability under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. The claims were denied both in her initial application and upon reconsideration. McGeorge waived her right to an

administrative hearing and on January 30, 1998, an administrative law judge (ALJ) determined she was not entitled to disability benefits. In March of 2000, the Appeals Council of the Social Security Administration denied McGeorge's request for review, thus the Appeals Council decision is the final decision of the Commissioner of Social Security. McGeorge appealed the decision to deny benefits to the district court. The district court affirmed the Commissioner's decision to deny benefits and we affirm the district court.[1]

McGeorge alleged disability since October 31, 1996, primarily due to respiratory problems, swelling and gripping problems with her hands, back and shoulder pain, allergies, and anxiety. Specifically, she alleged disabling breathing problems, physical pain in her back, hand, shoulder and elbow, and depression. The ALJ concluded McGeorge's allegations were not substantiated by the medical evidence. The ALJ determined McGeorge's mental illness to be non-severe mental impairment, and that she could perform her past relevant work as an insurance agent and sales representative.[2] The ALJ also reached an alternative conclusion that McGeorge could perform work in other positions existing in significant numbers in the national economy. In reaching this alternative conclusion, the ALJ used the Medical-Vocational Guidelines to determine that McGeorge could perform other work based on her residual functional capacity.

The ALJ concluded that McGeorge had the residual functional capacity (RFC) to perform work-related activities, except for work involving lifting more than 20

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

[2]McGeorge contends the ALJ should not have considered her work as an insurance agent because she did not perform that job long enough to have learned it. However, we need not address that issue because the ALJ found that she could perform her past job as a sales representative, work that she did between 1985 and 1998.

pounds. "'Residual functional capacity' is what the claimant is able to do despite limitations caused by all of the claimant's impairments." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (citing 20 C.F.R. § 404.1545(a)). "The Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000).

Our review is limited to determining whether the ALJ's findings are supported by substantial evidence on the record as a whole. Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support the decision. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001).

Having reviewed the record, we disagree with McGeorge's argument that the ALJ erred in concluding McGeorge had the mental residual functional capacity to perform her past relevant work. The ALJ considered an extensive record containing objective and opinion medical evidence, treatment measures, McGeorge's subjective testimony, and McGeorge's activities and work history. After considering this evidence, the ALJ concluded that McGeorge was not severely impaired. See Lowe, 226 F.3d at 972 ("The ALJ may not discount a claimant's complaints solely because they are not fully supported by the objective medical evidence, but the complaints may be discounted based on inconsistencies in the record as a whole."). The ALJ's findings were consistent with, among other evidence, the findings of mental health and medical professionals. Accordingly, the findings are supported by substantial evidence in the record as a whole. See Rose v. Apfel, 181 F.3d 943, 944-45 (8th Cir. 1999). The record indicates that McGeorge rarely sought treatment for shortness of breath, that she continued to smoke cigarettes, that none of her treating orthopedists indicated she was permanently disabled because of any orthopedic problems, that her physical examinations showed good muscle strength and full ranges of motion, and

that McGeorge was able to perform many of the activities associated with daily life. Accordingly, we affirm the finding that McGeorge had the residual functional capacity to perform her past relevant work as a sales representative and the evidence of record was sufficient to make such a determination.

McGeorge also appeals the ALJ's use of the Medical-Vocational Guidelines (the Guidelines) in the alternative finding that McGeorge could perform other jobs based on her residual functional capacity. We have previously explained:

> When a claimant suffers from exertional and nonexertional impairments, and the exertional impairments alone do not warrant a finding of disability, the ALJ must consider the extent to which the nonexertional impairments further diminish the claimant's work capacity. If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled.

Lucy v. Chater, 113 F.3d 905, 908 (8th Cir. 1997) (citation omitted). In other words, the law of this circuit states that "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." Thompson v. Bowen, 850 F.2d 346, 349-50 (8th Cir. 1988). Because the ALJ's determination that McGeorge had a non-severe mental impairment was supported by substantial evidence, it was appropriate for the ALJ to rely upon the Guidelines to reach the conclusion that McGeorge was not disabled. See id. at 349 ("[I]f the ALJ determines that a claimant's nonexertional limitations do not affect the claimant's residual functional capacity then the ALJ may rely on the Guidelines to direct a conclusion of either disabled or not disabled without resorting to vocational expert testimony.").

McGeorge claims she has two non-exertional impairments–her chronic obstructive pulmonary disease and her mental illness–that prevent the use of the Guidelines. The ALJ properly limited his RFC determination to only the impairments and limitations he found to be credible based on his evaluation of the entire record. The medical evidence in the record indicated that McGeorge could still lift and carry fifty pounds and could stand and walk for six to eight hours per day. In addition, the record evidence indicated that, despite McGeorge's complaints about her shortness of breath and directions from her doctor to quit, McGeorge continued to smoke. The evidence also indicated that McGeorge's adjustment disorder with the accompanying depressed mood was treatable and likely to improve within six to twelve months. Regarding the severity of the mental impairment, the ALJ examined McGeorge's daily living activities and found that she was still able to go the bank and the post office, do the laundry and dishes, vacuum and sweep, and that there was no indication she had difficulty with social functioning. Furthermore, the ALJ found McGeorge had no problem with concentration, persistence, pace, deterioration or decompensation in work or work-like settings.

For the foregoing reasons, we affirm the decision of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5