# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3613

———————

Mary Bogard,

        Appellant,

    v.

Jo Anne B. Barnhart, Commissioner,
Social Security Administration,

        Appellee.

  *
  *
  *
  *
  * Appeal from the United States
  * District Court for the
  * Eastern District of Arkansas.
  *
  * [UNPUBLISHED]
  *

———————

Submitted:  December 7, 2005
Filed:  December 19, 2005

———————

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Mary Bogard appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income to her husband, James Bogard.[2] In Bogard's February 2000 application, he alleged disability since July 1998 due to

———————

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]Mary Bogard was substituted as the appellant for James Bogard, who died after this appeal was filed.

back and chest pain, and coronary artery disease. After a hearing, an administrative law judge (ALJ) determined that (1) Bogard's impairments were severe in combination but did not equal a listed impairment; (2) his allegations of disability were not entirely credible; (3) he could not perform his past relevant work as a farmer or truck driver; (4) he had the residual functional capacity (RFC) to perform the full range of light work, and he was classified as a "younger individual" with "limited education"; and thus (5) the Medical-Vocational Guidelines (Grids) directed a finding of "not disabled." After the Appeals Council denied review, the district court affirmed.

We conclude that the ALJ's credibility findings are entitled to deference. See Guilliams v. Barnhart, 393 F.3d 798, 801-03 (8th Cir. 2005) (this court defers to ALJ's credibility determination so long as it is supported by good reasons and substantial evidence; credibility determination was supported where ALJ relied in part on physician's note suggesting claimant magnified his symptoms). We also reject Bogard's contention that the ALJ wrongly discredited the opinion of his treating physician, Dr. Vonda Houchin. Dr. Houchin wrote a letter in September 1999 stating that Bogard was being treated for low-back pain and right-leg paresthesia and was unable to work at that time. This letter does not control the disability determination: Dr. Houchin did not state that Bogard was permanently unable to work, and there is no indication that she considered Bogard's RFC or his ability to perform jobs other than his prior work. See Ellis v. Barnhart, 392 F.3d 988, 994-95 (8th Cir. 2005) (although medical source opinions are considered in assessing RFC, final RFC determination is for Commissioner).

Bogard's argument that the ALJ's reliance on the Grids was improper also fails. While Bogard is correct that pain is a nonexertional impairment, see Beckley v. Apfel, 152 F.3d 1056, 1059 (8th Cir. 1998), the ALJ found that the pain did not diminish Bogard's ability to perform the full range of light activities and, thus, reliance on the Grids was proper, see 20 C.F.R. §§ 404.1567 & 416.967 (light work requirements);

<u>McGeorge v. Barnhart</u>, 321 F.3d 766, 768-69 (8th Cir. 2003) (ALJ may use Grids if record supports ALJ's finding that nonexertional impairment does not diminish claimant's RFC to perform full range of activities).  Moreover, the ALJ properly found that, based on Bogard's characteristics, the Grids directed a finding of "not disabled."  <u>See</u> 20 C.F.R., Pt. 404, Subpt. P, App. 2, Table 2, Rule 202.17. Accordingly, we affirm.

_____