# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3100

_____

William W. Douglas, Jr.,                    *
                                            *
          Appellant,                        *
                                            *   Appeal from the United States
     v.                                     *   District Court for the Western
                                            *   District of Arkansas.
Michael J. Astrue, Social Security          *
Administration Commissioner,                *   [UNPUBLISHED]
                                            *
          Appellee.                         *

_____

Submitted: July 7, 2009
Filed: July 9, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

        William W. Douglas appeals from the district court's order affirming the final decision of the Commissioner of Social Security, which denied Douglas's application for disability insurance benefits. Douglas argues on appeal that the Administrative Law Judge (ALJ) incorrectly found that he did not meet the listing for mild mental retardation (Listing 12.05C of 20 C.F.R. Part 404, Subpart P, App. 1). After careful review of the record, including new evidence considered by the Appeals Council, see Kitts v. Apfel, 204 F.3d 785, 786 (8th Cir. 2000) (per curiam), we conclude that remand is required for further consideration of Douglas's impairments.

Following a hearing, the ALJ found that Douglas had severe impairments of congenital anomalies of the chest wall, instability of the right knee, obsessive-compulsive disorder, and depression, but that his impairments did not meet or equal a listed impairment, and that although Douglas could not perform his past relevant work, he could perform other jobs that existed in significant numbers in the local and national economy. The ALJ acknowledged that Douglas had been diagnosed by consulting neuropsychologist Dr. Douglas Brown with mild mental retardation and that Dr. Brown had found Douglas's IQ to be 63. The ALJ went on to note that there was no evidence of the required deficits in adaptive functioning prior to age 22 and further found that Douglas did not function in the mild range of mental retardation.

Following the ALJ's decision, Douglas submitted additional evidence tending to show that his mental retardation had been present before age 22: questionnaire responses from Dr. Brown stating that Douglas's mental conditions had been present at some level for more than 20 years; a notation by psychiatrist Dr. Max Baker stating that Douglas's mental retardation had been present prior to age 22; school transcripts showing that in grades 7-12, he had received mostly D's and F's; and a letter from his school's Special Program Coordinator stating that Douglas had been placed in special education classes, that he had received several D's and F's, and that school had been a "difficult struggle" for him emotionally and physically.

Listing 12.05C requires "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., . . . onset of the impairment before age 22." With an IQ of 60-70, a claimant must also have "a physical or other mental impairment imposing an additional and significant work-related limitation of function." See 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.05. Douglas bears the burden of establishing that he met the listing. See Gonzales v. Barnhart, 465 F.3d 890, 894 (8th Cir. 2006) (claimant bears burden of establishing impairment meets or equals listed impairment).

We conclude that the additional evidence Douglas submitted undermines the ALJ's conclusion that Douglas had not shown the required deficiencies in adaptive functioning prior to age 22.  Cf. Maresh v. Barnhart, 438 F.3d 897, 900 (8th Cir. 2006) (claimant proved mental retardation manifested itself before age 22 when he struggled in special education classes through 9th grade and then dropped out of school); Muncy v. Apfel, 247 F.3d 728, 734 (8th Cir. 2001) (IQ is presumed to remain stable over time absent evidence of change in intellectual functioning).  Although the ALJ rejected Douglas's low IQ scores as inconsistent with the record, we find that there is little in the record to contradict the scores.  Specifically, while the ALJ found that Douglas's job as a "used car renovator" was semi-skilled work, Douglas's hearing testimony indicated that the work as he performed it--as a "gopher" who "ran errands" for his father--did not warrant a semi-skilled classification.  Further, while the ALJ properly relied on evidence that Douglas drove, shopped, did household chores, prepared light meals, and was independent in all areas of personal care, the ALJ did not discuss the activities Douglas indicated he could not do:  pay bills, use a checkbook, count change, do banking, or go to the post office.  Finally, while Dr. Baker indicated in a medical record that Douglas had normal intelligence, there is no indication that he ever tested Douglas's intelligence.

We further conclude that either the ALJ's finding that Douglas had severe physical impairments which limited him physically to a range of sedentary work, or the ALJ's finding that Douglas had mild to moderate mental limitations, would meet the final criteria of Listing 12.05C of "a physical or other mental impairment imposing an additional and significant work-related limitation of function."  See Maresh, 438 F.3d at 900-01 ("moderate" mental limitations in areas of functioning constituted more than slight or minimal effect on claimant's ability to work, and thus claimant met Listing 12.05C and was entitled to benefits regardless whether he could perform gainful activity); cf. Keller v. Shalala, 26 F.3d 856, 858 (8th Cir. 1994) (evidence of headaches, which ALJ stated if believed would allow light or sedentary work,

constituted impairment that was more than slight or minimal for purposes of Listing 12.05C).

Accordingly, we reverse the judgment of the district court and remand with instructions to remand to the Commissioner for further proceedings consistent with this opinion.

_____