# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1514

_____

Gerald Thornton,                              *
                                              *
            Appellant,                        *
                                              *   Appeal from the United States
      v.                                      *   District Court for the
                                              *   Eastern District of Missouri.
Michael J. Astrue, Commissioner,              *
Social Security Administration,               *   [UNPUBLISHED]
                                              *
            Appellee.                         *

_____

Submitted: July 7, 2009
Filed: July 22, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Gerald Thornton appeals from the district court's[1] order affirming the final decision of the Commissioner of Social Security, which denied his application for disability insurance benefits and supplemental security income. In his September 2003 application, Thornton alleged he has been disabled since September 1995. After

_____

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Thomas C. Mummert, III, United States Magistrate Judge for the Eastern District of Missouri.

a hearing, an administrative law judge (ALJ) determined that Thornton's hypertension was a severe impairment but did not equal a listed impairment, either singly or in combination with his other alleged impairments; his allegations of disabling limitations were not entirely credible; he had the residual functional capacity (RFC) to perform a full range of light work; he could perform his past relevant work as a photo deliverer; and the Medical-Vocational Guidelines (Grids) directed a finding of "not disabled." We reject Thornton's arguments for reversal as follows.

The ALJ correctly found that Thornton did not qualify for disability insurance benefits, as his insured status expired on December 31, 2000, and there was no evidence of a severe impairment at that time. Thornton underwent a hernia operation in March 1996, but following the surgery it was noted he was doing well, and he was advised he could return to work and resume normal activities. A notation of "HTN96" on a 2002 medical record is insufficient to support a finding that Thornton had disabling hypertension before 2001. See 20 C.F.R. § 404.1521(a) (impairment is not severe if it does not significantly limit ability to do basic work activities); Kirby v. Astrue, 500 F.3d 705, 707-08 (8th Cir. 2007) (impairment that would have no more than minimal effect on claimant's ability to work is not severe).

In ruling on the application for supplemental security income, the ALJ was not required to mention each medical report. See Wheeler v. Apfel, 224 F.3d 891, 895 n.3 (8th Cir. 2000) (ALJ not required to summarize all medical records). Medical records from Dr. William Rice and Dr. Gregory Rakestraw did not contain a diagnosis for a medically determinable leg impairment, or any objective findings to support disability. Moreover, the ALJ correctly found that a physical therapist--who did a one-time evaluation of Thornton and found he could not work a full 8-hour day--was not an acceptable medical source who could establish a medically determinable impairment. See 20 C.F.R. § 416.913 (evidence is needed from acceptable medical source to establish medically determinable impairment; other medical sources, such as physical therapist, may be used to show severity of impairment); Lacroix v. Barnhart, 465 F.3d

881, 887 (8th Cir. 2006) (regulations provide that medical source who is not "acceptable medical source" may be given more weight if he or she has seen individual more often than treating source and has provided better supporting evidence for opinion).  Further, a May 16 letter from Dr. Yubao Wang submitted to the Appeals Council--in which he generally stated that he agreed with the physical therapy evaluation--did not undermine the ALJ's finding that Thornton could perform light work, given Dr. Bruce Donnelly's consulting opinion that he could perform medium work.  See Kitts v. Apfel, 204 F.3d 785, 786 (8th Cir. 2000) (per curiam) (when Appeals Council considers new evidence, this court considers whether ALJ's decision is supported by substantial evidence in record as a whole, including new evidence); Ellis v. Barnhart, 392 F.3d 988, 994-95 (8th Cir. 2005) (medical-source opinion that applicant is disabled involves issue reserved to Commissioner and is not type of opinion to which controlling weight should be given; although medical-source opinions are considered in assessing RFC, final RFC determination is for Commissioner; treating physician's opinion is entitled to controlling weight if it is well supported by medically acceptable diagnostic testing and not inconsistent with other substantial evidence in record); Piepgras v. Chater, 76 F.3d 233, 236 (8th Cir. 1996) (treating physician's conclusory opinion is not entitled to deference).

We hold that the ALJ's credibility finding is supported by consideration of Thornton's medical records and his ability to work following past denials of benefits, see Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make), and that the ALJ properly relied on the Grids in finding Thornton was not disabled, see 20 C.F.R. § 404.1567(b) (light work requirements); 20 C.F.R., Pt. 404, Subpt. P, App. 2, Table 2, Rule 202.13; McGeorge v. Barnhart, 321 F.3d 766, 768-69 (8th Cir. 2003) (ALJ may use Grids if record supports ALJ's finding that nonexertional impairment does not diminish claimant's RFC to perform full range of activities).

Accordingly, we affirm.

_____