# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2050

_____

Tomasa Torres,                                        *

                                            *

        Appellant,                        *

                                            *   Appeal from the United States

       v.                            *   District Court for the

                                            *   Western District of Missouri.

Michael J. Astrue,                  *

Commissioner of Social Security,    *   [UNPUBLISHED]

                                            *

        Appellee.                     *

_____

Submitted: March 3, 2010
Filed: April 21, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Tomasa Torres appeals from the district court's[1] order affirming the final decision of the Commissioner of Social Security, which denied her application for disability insurance benefits and supplemental security income. In her November 2004 application, Torres alleged she has been disabled since April 2001. After a hearing, the administrative law judge (ALJ) found that Torres's impairments of mild cardiomyopathy, degenerative disc disease of the lumbar spine with no stenosis,

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

moderate obesity, and mild chronic obstructive pulmonary disease, controlled with medication, were severe but did not meet or equal a listed impairment; her allegations regarding her limitations were not fully credible; she had the residual functional capacity to perform light work with additional limitations; and she could perform her past relevant work (PRW) as a light assembler, or she could perform other work, such as bench assembler and packager. After the Appeals Council denied review, the district court affirmed.

Torres argues that the ALJ wrongly discredited her testimony and that evidence of her mental limitations submitted after the hearing shows that she could not perform her PRW or other jobs in the economy. We hold that the ALJ's credibility finding is supported by consideration of Torres's poor work history, daily activities, medical records, and lack of medical treatment. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make). We also agree with the Appeals Council that the records regarding mental limitations that Torres submitted after the ALJ's decision did not provide a basis for changing the ALJ's decision. The records indicate that Torres was prescribed medication which helped control her depression and anxiety. The most recent treatment record listed Torres's depression as mild to moderate and her panic disorder as in partial remission. See 20 C.F.R. § 404.970(b) (Appeals Council must consider additional evidence if it is new and material and relates to time period before ALJ's decision); Kitts v. Apfel, 204 F.3d 785, 786 (8th Cir. 2000) (per curiam) (when Appeals Council considers new evidence, this court considers whether ALJ's decision is supported by substantial evidence in the record as a whole, including new evidence); Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007) (where impairment can be controlled by medication, it cannot be considered disabling).

Finally, although Torres argues that the ALJ did not consider the specific requirements of her PRW, the vocational expert (VE) is permitted to offer evidence of a claimant's PRW as it is performed in the national economy. See 20 C.F.R.

§ 404.1560(b)(2) (VE may offer evidence concerning demands of claimant's PRW, either as claimant actually performed it or as generally performed in national economy); <u>Wagner v. Astrue</u>, 499 F.3d 842, 853-54 (8th Cir. 2007) (ALJ may properly elicit testimony from VE in evaluating claimant's capacity to perform PRW, and may look at functional demands as required by employers in national economy).

     Accordingly, we affirm.

_____