# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-4263

_____

Taby L. Hargett

*Plaintiff - Appellant*

v.

Nancy A. Berryhill, Acting Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 21, 2017
Filed: November 28, 2017
[Unpublished]

_____

Before GRUENDER, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Taby Hargett appeals the district court's[1] order affirming the denial of supplemental security insurance benefits. Upon *de novo* review, we agree with the

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

district court that the administrative law judge's (ALJ's) decision is supported by substantial evidence on the record as a whole. *See Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Specifically, we conclude that the ALJ properly weighed the medical evidence and Hargett's subjective statements in evaluating her impairments and formulating her residual functional capacity (RFC), *see Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (explaining that the RFC determination is based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own description of her limitations); *Halverson v. Astrue*, 600 F.3d 922, 929-30 (8th Cir. 2010) (noting that a treating physician's opinions are entitled to less weight when they are inconsistent or contrary to the medical evidence as a whole); *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003) (finding the ALJ properly limited the RFC determination to only those impairments and limitations he determined were credible); and that Hargett did not establish a more restrictive RFC, *see Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) (stating that the burden of persuasion to prove disability and demonstrate RFC remains on the claimant). Further, the ALJ properly relied on the vocational expert's (VE's) response to the hypothetical that the ALJ posed, which was consistent with the ALJ's RFC findings. *See Buckner v. Astrue*, 646 F.3d 549, 560-61 (8th Cir. 2011) (concluding that a VE's testimony that is based on a hypothetical that accounts for all of the claimant's proven impairments constitutes substantial evidence). The judgment of the district court is affirmed. *See* 8th Cir. R. 47B.

_____