# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2444
_____

Jamie L. Wright

*Plaintiff - Appellant*

v.

Kilolo Kijakazi,[1] Acting Commissioner of Social Security Administration

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs
_____

Submitted: February 1, 2022
Filed: February 10, 2022
[Unpublished]
_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

_____

[1]Kilolo Kijakazi has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

Jamie Wright appeals the district court's[2] order affirming the denial of disability insurance benefits and supplemental security income. We find that the Commissioner's decision is supported by substantial evidence in the record as a whole. See Twyford v. Comm'r, Soc. Sec. Admin., 929 F.3d 512, 516 (8th Cir. 2019) (standard of review). Specifically, the evidence supports the administrative law judge's (ALJ's) finding that Wright's back impairment did not meet listing 1.04(A), as he did not have the requisite positive straight-leg raise testing. See id. at 517 (substantial evidence supported determination that listing 1.04(A) was not met, as claimant did not have objective finding required by listing). Further, the ALJ properly evaluated Wright's subjective complaints. See McDade v. Astrue, 720 F.3d 994, 998 (8th Cir. 2013) (no error in evaluating complaints of disabling pain where medical evidence and claimant's daily activities were not fully consistent with complaints). Finally, the ALJ did not err in declining to include residual functional capacity (RFC) limitations arising from Wright's alleged mental conditions, see McGeorge v. Barnhart, 321 F.3d 766, 769 (8th Cir. 2003) (ALJ properly limited RFC to only impairments he found supported by record); Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) (ALJ correctly found that no objective medical findings supported alleged mental condition); or arising from his alleged medication side effects, see Zeiler v. Barnhart, 384 F.3d 932, 936 (8th Cir. 2004) (as record did not document impaired concentration due to pain medication, RFC excluding such limitation was supported by substantial evidence).

The judgment is affirmed.

_____

[2]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

-2-