**Charles E. HAJEK, Appellant,**

v.

**Donna E. SHALALA,\* Secretary of Health and Human Services, Appellee.**

No. 92–3842.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1994.

Decided July 20, 1994.

\* Donna E. Shalala has been substituted for Louis W. Sullivan, M.D., pursuant to Fed.R.App.P. 43(c)(1).

Lawrence Earl Ray, St. Robert, MO, argued, for appellant.

Joseph Moore, Asst. U.S. Atty., St. Louis, MO, argued (Frank V. Smith and Nancy K. Born, on the brief), for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

In November 1989 Charles E. Hajek applied for disability insurance benefits and Supplemental Security Income under the Social Security Act. After Hajek requested and received a hearing, an administrative law judge (ALJ) denied benefits. The Appeals Council denied review, so the ALJ's decision became the final decision of the Secretary of Health and Human Services (Secretary). Hajek then brought suit in federal court. The case was referred to a magistrate judge, who recommended that the Secretary's decision be affirmed. After the district court adopted this recommendation, Hajek appealed to this court. We reverse and remand.

## I.

Hajek is a sixty year old male who previously worked as a school custodian (i.e. janitor). In November 1984 he entered a hospital for severe chest pain, and cardiac catheterization revealed severe coronary artery disease. He therefore underwent bypass surgery on November 28, 1984. In September 1985 he was in a hospital for repair of an incisional hernia. There were no complications related to either of these surgeries. In December 1985 Hajek again returned to the hospital after suffering chest pain. Tests indicated no major problems, and after learning Hajek had been involved in an automobile accident in which he struck his chest on the steering wheel, his physician diagnosed a probable acute myocardial contusion. There is no evidence of any further treatment regarding Hajek's heart condition or hernia repair until he was examined following his application for benefits in November 1989.

Hajek returned to work sometime in 1985 and remained until November 12, 1987, the date on which he claims he became disabled. He testified before the ALJ that he had to leave his job because of extreme pain and fatigue in his left arm and left leg. He also testified to being unable to walk more than sixty or seventy yards at a time, to stand more than twenty minutes without fatigue, or to lift more than five or six pounds. He claimed he suffered daily pain in his chest and legs and pain in his arm about twice a month. He takes aspirin and nitrostat but no other medications because of side effects such as depression and disorientation.

The ALJ found that Hajek had a history of coronary artery disease, hernia repair, and chronic obstructive pulmonary disease. However, he rejected Hajek's subjective complaints of chronic fatigue and weakness, shortness of breath, and pain. He then determined that Hajek's residual functional capacity precluded heavy lifting or prolonged walking. Though Hajek could not return to the specific janitorial position he previously occupied, in that it required heavy lifting and prolonged walking, the ALJ concluded that he could perform "janitorial work as it is usually performed in the national economy, which requires only medium lifting and no prolonged walking." The ALJ therefore concluded Hajek was not disabled under the Social Security Act.

While this case was pending in the district court, Hajek filed a second application for benefits. Upon review of that application, the Secretary determined that Hajek was indeed disabled and had been so since January 14, 1991. When the Secretary's counsel in this case learned of the award, he filed a motion to dismiss the present appeal, claiming Hajek abandoned review of his first application when he accepted without appeal the determination made in his second application. Since oral argument, the Secretary has moved to withdraw the motion to dismiss, and the court hereby grants that request. We note that the issue of disability is now moot. The only remaining issue pertains to the disability onset date. Hajek claims it is November 14, 1987; the Secretary claims it is January 14, 1991.

## II.

On appeal Hajek contends the ALJ erred by failing to consider his impairments in combination and by rejecting the credibility of his testimony. He also challenges the ALJ's finding that he could return to janitorial work as it is usually performed in the national economy.

 Generally, our review is limited to determining whether the ALJ's decision is based on a correct view of the law and is supported by substantial evidence on the rec-

ord as a whole. *Jackson v. Bowen,* 873 F.2d 1111, 1113 (8th Cir.1989); *Jelinek v. Bowen,* 870 F.2d 457, 458 (8th Cir.1989). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Reed v. Sullivan,* 988 F.2d 812, 814 (8th Cir.1993). In this particular case, we review factual findings only for plain error, for Hajek failed to object to the report and recommendation of the magistrate judge, who found that the Secretary's decision was supported by substantial evidence. *Thompson v. Nix,* 897 F.2d 356, 357 (8th Cir.1990).

■ Hajek first argues the ALJ failed to consider the combined effects of his impairments as required by 42 U.S.C. § 423(d)(2)(B). However, as noted by the magistrate judge, Hajek's conclusory statement is unfounded. In particular, the ALJ found that

> the claimant has a history of coronary artery disease, hernia repair, and chronic obstructive pulmonary disease, but that he has not had an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

Moreover, when discrediting Hajek's allegations of pain, the ALJ noted that "the evidence *as a whole* does not show that the claimant's *symptoms* ... preclude his past work as a janitor." (Emphasis added.) The ALJ reiterated this conclusion in his findings when he stated that "[t]he claimant's *impairments* do not prevent him from performing janitorial work ..." (emphasis added). Based on these statements, we believe the ALJ properly considered the combined effects of Hajek's impairments.

■ Hajek next contends the ALJ improperly rejected the credibility of his testimony because the ALJ failed to evaluate all of the evidence as required by *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984). However, we have reviewed the record and conclude that the ALJ properly considered all of the evidence, much of which refuted Hajek's subjective complaints. In particular, the ALJ noted that Hajek had not received significant medical treatment between 1985 and 1989, that he was capable of performing significant daily activities, and that these activities suggest no functional restrictions. Moreover,

though Hajek testified he had not driven for two years, the records before the ALJ indicated otherwise. The ALJ also noted that Hajek stopped taking some of his heart medication. Though Hajek contended this was due to side effects, there was no evidence that he ever mentioned these side effects to his physicians. Based on this evidence, the ALJ had good reason to reject Hajek's subjective complaints. We will therefore not overturn his finding in this regard. *Browning v. Sullivan,* 958 F.2d 817, 821 (8th Cir. 1992).

■ Hajek next contests the ALJ's findings regarding his residual functional capacity. His argument focuses on inconsistencies between two of the ALJ's findings. In particular, he claims the ALJ's conclusion that he could perform janitorial work was error in light of the underlying finding that he could not engage in prolonged walking. We agree.

Janitorial work is classified as medium in exertional requirements. *Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles,* U.S. Department of Labor (1981). 20 C.F.R. § 404.-1567(c) states that "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." Social Security Ruling (SSR) 83–10 elaborates on this definition as follows: "A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8–hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds." This ruling is as binding on the Secretary as the regulation on which it is based. 20 C.F.R. § 422.406(b)(1); *see also Carter v. Sullivan,* 909 F.2d 1201, 1202 (8th Cir.1990) (Secretary's failure to consider definitions in SSR 83–10 constituted plain abuse of discretion).

Giving full effect to SSR 83–10, we must conclude that janitorial work requires walking or standing for six of the eight hours in a workday. Moreover, though the term "prolonged walking" is admittedly vague, we believe any job requiring a person to be on his or her feet seventy-five percent of the time inevitably requires such exertion. It necessarily follows that, contrary to the findings of the ALJ, janitorial work does indeed require prolonged walking. The ALJ therefore

erred in concluding that Hajek could perform his past relevant work as a janitor.

■ Because Hajek could not do his past relevant work, the ALJ should then have shifted the burden of proof to the Secretary to establish that Hajek could perform other jobs in the national economy. *Evans v. Shalala*, 21 F.3d 832, 835 (8th Cir.1994); *Reed*, 988 F.2d at 815. This analysis obviously was never undertaken, and there is no evidence in the record pertaining to Hajek's ability to do other jobs. Therefore, we must remand for further findings in this regard. We note again that the Secretary need only concentrate on the period between November 12, 1987, and January 14, 1991.

Accordingly, we reverse and remand to the district court with instructions to remand this case to the Secretary for a determination whether Hajek had the residual functional capacity to perform other substantial gainful activity.