# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4337

_____

Cheryl Lowe,

          Appellant,

v.

Kenneth S. Apfel,
Commissioner, Social Security
Administration,

          Appellee.

\*   Appeal from the United States
\*   District Court for the Western
\*   District of Missouri.

_____

Submitted: June 16, 2000

Filed: September 25, 2000

_____

Before BOWMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
O'BRIEN, District Judge.[1]

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Cheryl Lowe applied for disability insurance benefits and supplemental security income based primarily on back, hand, and arm injuries. The Social Security

---

[1]The Honorable Donald E. O'Brien, Senior United States District Judge for the Northern District of Iowa, sitting by designation.

Administration denied her application initially and on reconsideration. After a hearing, an administrative law judge (ALJ) determined that Ms. Lowe was not disabled because she was able to perform her past relevant work. *See* 20 C.F.R. § 404.1520(e), § 416.920(e). The Appeals Council denied Ms. Lowe's request for review. Ms. Lowe then appealed to the district court, which upheld the administrative decision.

Ms. Lowe now appeals to our court, contending that the ALJ failed to support his finding that her subjective complaints were not fully credible. She also argues that the ALJ's conclusion that she can perform her past work was not based on substantial evidence and that, in fact, the ALJ's findings compel the conclusion that she cannot work and is therefore disabled. *See* 20 C.F.R. § 404.1520(f)(1), § 416.920(f)(1).

We review *de novo* the district court's decision upholding the denial of social security benefits. *See Pettit v. Apfel*, 218 F.3d 901, 902 (8th Cir. 2000). When considering whether the ALJ properly denied social security benefits, we determine whether the decision is based on legal error, and whether the findings of fact are supported by substantial evidence in the record as a whole. *See Clark v. Chater*, 75 F.3d 414, 416 (8th Cir.1996). Because it may affect the factual basis for the disability determination, we first address Ms. Lowe's contention that the ALJ failed to support his finding that her subjective complaints were not fully credible.

I.

The ALJ was required to make an express credibility determination explaining why he did not fully credit Ms. Lowe's complaints. *See Ghant v. Bowen*, 930 F.2d 633, 637 (8th Cir. 1991). To assess Ms. Lowe's credibility, the ALJ had to consider all of the evidence, including prior work records and observations by third parties and doctors regarding daily activities, the duration, frequency, and intensity of pain, precipitating and aggravating factors, the dosage, effectiveness, and side effects of medication, and functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984). The ALJ may not discount a claimant's complaints solely because they

are not fully supported by the objective medical evidence, but the complaints may be discounted based on inconsistencies in the record as a whole. *See id.*

Where adequately explained and supported, credibility findings are for the ALJ to make. *See Tang v. Apfel*, 205 F.3d 1084, 1087 (8th Cir. 2000). Here the ALJ referred to the *Polaski* considerations and cited inconsistencies in the record to support his finding that Ms. Lowe's complaints (particularly her complaints of back pain) were not "fully credible." The ALJ was not required to discuss methodically each *Polaski* consideration, so long as he acknowledged and examined those considerations before discounting Ms. Lowe's subjective complaints. *See Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). We have carefully reviewed the record, and we believe that the ALJ's finding that Ms. Lowe's subjective complaints were not fully credible was adequately explained and was supported by the record as a whole.

II.

Ms. Lowe also argues that the ALJ's conclusion that she was capable of performing her past relevant work as a home attendant and laundromat manager was not supported by substantial evidence, and that the ALJ's finding that she "must not perform repetitive activity with her hands" precluded her from doing any work. Although we disagree with Ms. Lowe's contention that the ALJ's findings necessarily require an award of benefits, we conclude that his findings provide an inadequate basis for our review and that we must remand the case for further proceedings.

When evaluating whether Ms. Lowe could return to her past work, the ALJ was required to set forth specifically her limitations and to determine how those limitations affected her residual functional capacity. *See Ingram v. Chater*, 107 F.3d 598, 604 (8th Cir. 1997) "Residual functional capacity" is what the claimant is able to do despite limitations caused by all of the claimant's impairments. *See* 20 C.F.R. § 404.1545(a). The ALJ also was required to make "explicit findings" regarding the physical and mental demands of Ms. Lowe's past work, and to compare those demands with her

residual functional capacity to determine whether she could perform the relevant duties. *See Ingram*, 107 F.3d at 604. We believe that the ALJ failed to make the necessary comparison of Ms. Lowe's residual functional capacity to use her hands with the demands of her past work. *See id.*

## A.

The ALJ found that Ms. Lowe had severe carpal tunnel syndrome, "a complex of symptoms resulting from compression of the median nerve in the [interior passageway of the wrist], with pain and burning or tingling ... in the fingers and hand, sometimes extending to the elbow," *Dorland's Illustrated Medical Dictionary* 1626 (28th ed. 1994); *see also id.* at 271, 1765. With regard to the residual functional capacity of Ms. Lowe's hands, the ALJ found that her "impaired hand function" limited her to lifting ten pounds frequently with occasional lifting of up to twenty pounds and that she "must not perform repetitive activity with her hands." The ALJ then stated that Mark Schulzinger, a qualified vocational expert, reported that Ms. Lowe's "past job of laundry manager is commonly performed at the sedentary exertional level, and that she performed the job of home attendant at the light exertional level at times." Without further discussion, the ALJ concluded "that neither of these jobs exceeded [Ms. Lowe's] residual capacity."

Where the claimant has the residual functional capacity to do either the specific work previously done or the same type of work as it is generally performed in the national economy, the claimant is found not to be disabled. *See Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996); *see also* 20 C.F.R. § 404.1520(e), § 416.920(e). We believe that the ALJ's decision indicates that he found that Ms. Lowe could perform the job of laundromat manager at the sedentary level as it is generally performed and that she could perform the job of home attendant at the light level as she had previously performed it "at times."

Mr. Schulzinger, upon whom the ALJ relied, relied in turn on the *Dictionary of Occupational Titles* (4th rev. ed. 1991) *(DOT)* to find that the laundromat manager position is classified as sedentary. *See DOT* § 369.167-010; *cf. Jones*, 86 F.3d at 826 (ALJ may take judicial notice of job information in *DOT*). As described in the *DOT*, the position of laundromat manager "frequently" (one-third to two-thirds of the time) requires reaching, handling, and fingering. We cannot determine from the record the basis on which the ALJ determined that his finding that Ms. Lowe "must not perform repetitive activity with her hands" would nonetheless allow her to work as a laundromat manager.

Although the question was not raised by the parties, because we are remanding the case we note as well that we cannot determine from the record why Mr. Schulzinger classified Ms. Lowe's previous position in a laundry as a "laundromat manager," *see DOT* § 369.167-010, rather than as a "self-service laundry and dry-cleaning attendant," *see DOT* § 369.677-010. This question may be answered, of course, when the ALJ re-examines whether Ms. Lowe can perform her past relevant work.

The ALJ also concluded that Ms. Lowe could perform the job of "home attendant," *see DOT* § 354.377-014. According to the *DOT*, a home attendant cares for elderly, convalescent, or handicapped persons in their homes; the *DOT* classifies the position as medium work requiring frequent reaching and handling and occasional fingering. The ALJ, however, relied on Mr. Schulzinger's finding that Ms. Lowe actually performed the home attendant job "both at the Light and Very Heavy exertional levels depending on her employer at the time" to find that Ms. Lowe could return to a home attendant position that involved light work." "Light work" under the social security regulations involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," *see* 20 C.F.R. § 404.1567(b), but the regulations do not specifically address whether the work requires the repetitive use of the hands. Neither Mr. Schulzinger nor the ALJ listed the

specific requirements for the "light work" home attendant position that they indicated Ms. Lowe had performed.  Again, we believe that the ALJ should have examined the specific duties of this position and determined whether it required Ms. Lowe to engage in repetitive activity with her hands.  *See Ingram*, 107 F.3d at 604.

B.

We also note that although the ALJ relied upon Mr. Schulzinger's findings regarding the "exertional levels" required by Ms. Lowe's past work, the ALJ accorded no weight to Mr. Schulzinger's ultimate conclusion that Ms. Lowe was unable to perform her past work or any work.  The ALJ did find that Mr. Schulzinger's opinion that Ms. Lowe could not work would have been "credible" if all of her statements regarding her condition were accepted.  The ALJ explained, however, that since he had rejected Ms. Lowe's estimation of her own residual functional capacity, he would give no weight to Mr. Schulzinger's opinion that she was unemployable.  We question, however, whether all of Mr. Schulzinger's opinions were necessarily based on the statements of Ms. Lowe that the ALJ rejected.

Mr. Schulzinger stated in his report that if, as one of Ms. Lowe's treating physicians stated, she was "intolerant of repetitive activity" and had a "permanent restriction of no repetitive use of either arm," then she was unable to perform any of her prior work or any other work.  We note the similarity between these statements of the treating physician and the ALJ's finding that Ms. Lowe should not perform repetitive activities with her hands.  According to Mr. Schulzinger, "[a]ll of [Ms. Lowe's] past relevant work has involved repetitive use of both arms and there exist no jobs in the national ... economy to which her skills transfer ... [and] no unskilled jobs in the national ... economy which do not require repetitive use of both arms."  We note also that a different vocational expert testified in response to a hypothetical question posed by the ALJ (that included many of Ms. Lowe's complaints) that Ms. Lowe would be unable to work.  This vocational expert, who was chosen by the ALJ, was not mentioned in the ALJ's decision.  We believe that on remand the ALJ should review the

opinions of Mr. Schulzinger when re-examining whether Ms. Lowe can perform her past relevant work, and when examining, if necessary, her ability to perform any work. The ALJ may also need to consider additional evidence to determine Ms. Lowe's capacity to do her past relevant work or any work.

## C.

If upon remand the ALJ determines that Ms. Lowe is unable to perform her past relevant work, the burden of proof, of course, will shift to the Social Security Administration to prove that Ms. Lowe can perform other jobs available in the national economy. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998).

## III.

Accordingly, the judgment of the district court is vacated, and the case is remanded to the district court with instructions to remand to the Social Security Administration for further consideration consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.