# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2009

_____

| | | |
|---|---|---|
| Farion Walker, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Jo Anne B. Barnhart, Commissioner | * | [UNPUBLISHED] |
| of Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 28, 2002

Filed: November 15, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
Judges.

_____

PER CURIAM.

Farion Walker appeals the district court's[1] order affirming the denial of
disability insurance benefits. In his March 1998 application and later documents,
Walker alleged disability since July 1997 from hypertension, chest pain, an ulcer,

_____

[1]The Honorable John F. Forster, Jr., United States Magistrate Judge for the
Eastern District of Arkansas, to whom the case was referred for final disposition by
consent of the parties pursuant to 28 U.S.C. § 636(c).

migraines, a hearing loss, diabetes, and problems with his shoulder, thumb, sinuses, knees, and back. After a hearing, an administrative law judge (ALJ) found that Walker could perform his past relevant work as a security guard as he described the job requirements and as the job is performed in the national economy.

We reject Walker's challenge to the ALJ's credibility findings, as the ALJ listed the factors from Polaski v. Heckler, 739 F.2d 1320, 1321-22 (8th Cir. 1984), and then gave multiple valid reasons for finding not entirely credible Walker's statements as to the impact of his impairments on his ability to work. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make; ALJ is not required to discuss methodically each Polaski factor, as long as he acknowledges and examines them).

Walker also challenges the ALJ's residual-functional-capacity (RFC) findings, contending he cannot do a good deal of walking and standing, see 20 C.F.R. § 404.1567(b) (2002) (defining light work), or perform light work on a daily basis. We disagree: none of Walker's doctors gave him any restrictions during the relevant period, a nurse practitioner's opinion as to his RFC on "bad" days appeared to be based primarily on Walker's reports, and the ALJ's RFC findings were more generous to Walker than those of the Social Security Administration reviewing physicians. See Pearsall v. Massanari, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (it is ALJ's responsibility to determine RFC based on medical records, observations of treating physicians and others, and claimant's description of his limitations; ALJ must first evaluate claimant's credibility).

As to Walker's remaining arguments, the ALJ adequately weighed the Department of Veterans Affairs' disability determination, see Morrison v. Apfel, 146 F.3d 625, 628 (8th Cir. 1998), and properly considered the combined effects of Walker's impairments, see Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.