# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3424

_____

Addie J. Skeens,                             *
                                             *
                Appellant,                   *
                                             *    Appeal from the United States
        v.                                   *    District Court for the
                                             *    Western District of Missouri.
Jo Anne B. Barnhart, Commissioner of         *
the Social Security Administration,          *        [UNPUBLISHED]
                                             *
                Appellee.                    *

_____

Submitted:  March 6, 2003
    Filed:   March 10, 2003

_____

Before BOWMAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

    Addie J. Skeens appeals the District Court's[1] opinion affirming the denial of supplemental security income. Having carefully reviewed the record, see Banks v. Massanari, 258 F.3d 820, 823 (8th Cir. 2001) (standard of review), we affirm.

_____

    [1]The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

In her September 1999 application and related documents, Skeens alleged disability since January 1998 from back and leg pain related to prior injuries, from carpal tunnel syndrome, and from insomnia. After a hearing, an administrative law judge (ALJ) determined that Skeens's capacity to perform sedentary work had not been compromised by any nonexertional limitations and that, based on the Medical-Vocational Guidelines (Grids), she was not disabled.

The ALJ recited numerous valid reasons for finding Skeens not entirely credible and for discounting the December 1999 opinion of orthopedist Harry Miller that Skeens could not be gainfully employed due to her combined impairments. See Holmstrom v. Massanari, 270 F.3d 715, 720-21 (8th Cir. 2001) (weighing of treating physicians' opinions); Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (credibility findings). The ALJ also properly used the Grids as a framework to guide his decision. See 20 C.F.R. § 416.969a(d) (2002); Social Security Ruling 83-14, 1983 WL 31254, at *6 (Social Security Administration, 1983) (where it is clear that added limitation or restriction has very little effect on exertional occupational base, conclusion directed by Grids would not be affected). Further, the ALJ's decision demonstrates that he considered Skeens's impairments in combination. See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-