# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1300

_____

Theodis Lewis,                                      *
                                                    *
          Appellant,                                *
                                                    *   Appeal from the United States
     v.                                             *   District Court for the
                                                    *   Eastern District of Arkansas.
Jo Anne B. Barnhart, Commissioner,                  *       [UNPUBLISHED]
Social Security Administration,                     *
                                                    *
          Appellee.                                 *

_____

Submitted:  September 29, 2003

Filed:  October 2, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Theodis Lewis appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. In documents submitted in conjunction with his February 1996 applications, Lewis alleged disability since December 1992 from hyperhidrosis (excessive perspiration), a

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerry Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

nervous condition, back pain, and tendonitis in his right shoulder, elbow, and thumb. After two administrative hearings, an administrative law judge (ALJ) determined that Lewis could not perform his past relevant work but could perform the entry-level unskilled jobs a vocational expert (VE) identified in response to a hypothetical the ALJ posed. Having carefully reviewed the record, see Jenkins v. Apfel, 196 F.3d 922, 924 (8th Cir. 1999) (standard of review when records are also submitted to and considered by Appeals Council before it denies review), we affirm.

We reject Lewis's challenge to the ALJ's credibility findings, because the ALJ gave multiple valid reasons for finding Lewis's subjective complaints not entirely credible. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make). We also reject Lewis's contention that the ALJ failed properly to consider the Department of Veterans Affairs' (VA's) disability determination. According to Lewis's own testimony, the VA at most gave him a 20% disability rating, not 100% as he suggests on appeal; there were only a few brief VA disability-ratings examination reports before the ALJ; and the ALJ referenced Lewis's VA disability status in his opinion. See Morrison v. Apfel, 146 F.3d 625, 628 (8th Cir. 1998) (disability findings by other federal agencies are not binding but must be considered).

Lewis also contends that the ALJ improperly weighed the opinions of consulting psychologists Moneypenny and Lyon. We disagree. As the ALJ noted, unlike Dr. Lyon, Dr. Moneypenny did not interpret the results from a Minnesota Multiphasic Personality Inventory he administered to Lewis as showing dementia, and nothing else in the record reflects dementia. Further, there are several notations in the record from Lewis's treating mental health providers concerning his reported long-term daily marijuana use, and there is no indication that Dr. Lyon (or Dr. Moneypenny) was aware of this factor. See Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir.) (2001) (ALJ may reject opinion of any medical expert, even one hired by government, where it is inconsistent with record as whole; it is ALJ's function to

resolve conflicts). As to Lewis's argument concerning the VE's testimony, we find it meritless because Lewis has mischaracterized the questions posed to the VE and thus the VE's responses. Lewis's remaining arguments similarly provide no basis for reversal.

Accordingly, the judgment is affirmed.

_____