# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————————

No. 03-1708

—————————

Marc A. Brower,

        Appellant,

v.

Jo Anne B. Barnhart, Commissioner of
Social Security,

        Appellee.

\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]
\*
\*
\*

—————————

Submitted:   December 31, 2003

Filed:   January 23, 2004

—————————

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

—————————

PER CURIAM.

Marc A. Brower appeals the district court's[1] order affirming the denial of disability insurance benefits. In his March 1995 application for benefits, Brower alleged disability from asthma, depression, and back, neck, and upper extremity problems. After a second hearing, at which a medical expert (ME) and vocational

———————————

[1] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Susan Richard Nelson, United States Magistrate Judge for the District of Minnesota.

expert (VE) testified, an administrative law judge (ALJ) determined that Brower could not do his past relevant work but he could perform jobs the VE had identified in response to a hypothetical the ALJ posed.

Brower first argues that the ALJ failed to analyze his credibility under the requirements set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). We disagree. In discrediting Brower, the ALJ referenced the Polaski factors, and noted multiple valid reasons for finding Brower's subjective complaints of pain and functional limitations not entirely credible. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (ALJ need not discuss methodically each Polaski factor if factors are acknowledged and examined; where adequately explained and supported, credibility findings are for ALJ to make).

We also reject Brower's argument that the ALJ did not consider his severe back problems and major depression in combination. The ALJ thoroughly discussed each impairment, and concluded they were not, alone or in combination, of listing-level severity. See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

Brower contends the ALJ's hypothetical to the VE did not adequately account for his mental impairments. This argument also fails because Brower specifically questioned the VE as to whether the hypothetical claimant could perform the jobs the VE had identified if he also was socially isolated and had problems working with supervisors, and the VE answered in the affirmative.

Last, we find meritless Brower's claim that he meets the listing-level requirements for spinal and affective disorders. The relevant musculoskeletal listing at the time of the ALJ's opinion was 1.05C (other vertebrogenic disorders), which required pain, muscle spasms and significant limitation of spinal motion, as well as appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss. See 20 C.F.R. Pt. 404 Subpt. P. App. 1 § 1.05C (2000)

(listing requirements must persist for at least 3 months despite prescribed therapy and be expected to last at least 12 months). Although 1992 and 1993 MRIs showed a small lumbar disc herniation, Mayo Clinic physicians found no evidence of radiculopathy; and the ME testified that there was only one occasion when sensory loss--but not motor loss or muscle weakness--was assessed. As to Listing 12.04 (affective disorders), we agree with the ALJ that even if Brower met the "A" criteria, he did not meet at least two of the "B" criteria as required. See 20 C.F.R. Pt. 404, Subpt. P. App. 1 § 12.04 (2000) ("B" criteria include "marked" restrictions in daily-living activities; "marked" difficulties in social function; deficiencies in concentration, persistence, or pace causing frequent failure to complete tasks on time; or repeated episodes of deterioration or decompensation in work or work-like settings); 20 C.F.R. Pt. 404, Subpt. P. App. 1 § 12.00C (2000) (defining marked).

Accordingly, we conclude the ALJ's opinion is supported by substantial evidence, see Cox v. Barnhart, 345 F.3d 606, 608 (8th Cir. 2003) (standard of review), and we affirm.

_____