# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2863

_____

William J. Politt,                          *
                                       *

           Appellant,              *
                                         *   Appeal from the United States
      v.                         *   District Court for the
                                         *   Western District of Arkansas
Jo Anne B. Barnhart, Commissioner,   *
Social Security Administration,       *        [UNPUBLISHED]
                                         *

           Appellee.              *

_____

Submitted:   May 26, 2004
Filed:   June 8, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

William Politt appeals from the final judgment entered in the District Court[1] for the Western District of Arkansas affirming the Commissioner's decision to deny Politt's application for supplemental security income benefits. For reversal, Politt argues the administrative law judge (ALJ) erred in not considering his impairments in combination, in discounting his subjective complaints, in not developing the record

_____

[1]The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

further as to his past relevant work (PRW) and mental impairments, and in determining his residual functional capacity (RFC). For the reasons discussed below, we affirm the judgment of the district court.

We conclude that substantial evidence supports the ALJ's findings. See Roberts v. Apfel, 222 F.3d 466, 468 (8th Cir. 2000) (standard of review). The ALJ summarized the medical evidence and specifically determined that Politt's impairments--alone or combined--did not meet the listing-level requirements. See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994). In rejecting Politt's subjective complaints, the ALJ appropriately considered Politt's daily activities, and noted that medication had helped with Politt's depression and anxiety and that Politt had failed to seek medical treatment after May 2001. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make). The ALJ did not need to develop the record further as to Politt's PRW once the ALJ determined that Politt could not return to it, and the ALJ followed the proper procedure in evaluating Politt's mental impairments. See 20 C.F.R. § 416.920a (2004). Finally, we have found nothing in the record to contradict the ALJ's RFC finding.

Politt raises additional points in his brief. We find them to be meritless and affirm without further discussion.

Accordingly, we affirm.

_____