# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 05-2520

—————

Mary Davis,                                    *
                                               *
              Appellant,                       *
                                               *
      v.                                       *   Appeal from the United States
                                               *   District Court for the
Jo Anne B. Barnhart, Commissioner,             *   Eastern District of Arkansas.
Social Security Administration,                *
                                               *   [UNPUBLISHED]
              Appellee.                         *

—————

Submitted: October 6, 2006
Filed: October 23, 2006

—————

Before SMITH, MAGILL, and BENTON, Circuit Judges.

—————

PER CURIAM.

Mary Davis appeals the district court's[1] order affirming the denial of disability insurance benefits. In her October 1997 application, Davis alleged disability due to depression, anxiety, joint pain, headache, upset stomach, and fast heart rate. After a hearing, an administrative law judge (ALJ) determined that (1) Davis's impairments of mild degenerative joint disease of the left knee, non-specified depressive disorder,

---

[1]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

and non-specified anxiety disorder were severe in combination but did not equal a listed impairment; (2) her allegations of chronic knee pain, chest pain, and stomach problems were not entirely credible; (3) she had the residual functional capacity to perform unskilled medium work; (4) she was unable to perform her past relevant work because it exceeded her mental limitations; and (5) she could perform the alternative jobs of kitchen helper or hospital cleaner, which existed in significant numbers in the local economy. After the Appeals Council denied review, the district court affirmed.

We reject Davis's contention that the ALJ wrongly discredited the opinion of Dr. Kevin Roberts, who wrote a January 1999 letter "To Whom It May Concern," stating that Davis had "numerous medical problems" and that, in his opinion, she was "physically unfit to serve on jury duty." The letter did not mandate a finding of disability, as it did not state that Davis was unable to work, or even provide any support for the assessment that she was unable to serve on jury duty. *See Ellis v. Barnhart*, 392 F.3d 988, 994-95 (8th Cir. 2005) (medical source opinion that applicant is disabled or unable to work involves issue reserved to Commissioner and is not type of opinion to which controlling weight should be given); *Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001) (treating physician's vague and conclusory opinion is not entitled to deference). We also note that, contrary to Davis's argument, the ALJ implicitly credited the opinion of consulting psychologist Kathryn Gale, who indicated that Davis "often" had deficiencies of concentration, persistence, or pace; the limitation simply did not render Davis disabled.

We conclude the ALJ did not err in failing to consider Davis's weight as an impairment, as Davis did not allege obesity in her application or testify about limitations resulting from her weight. *See Anderson v. Barnhart*, 344 F.3d 809, 814 (8th Cir. 2003) (claim of obesity impairment waived on appeal where claimant did not raise any limitation from the impairment in his application or during hearing). We further conclude the ALJ properly considered Davis's mental impairments in combination with her physical impairments. *See Hajek v. Shalala*, 30 F.3d 89, 92 (8th

Cir. 1994) (where ALJ found claimant did not have impairment or combination equaling listing-level impairment and referred to evidence as a whole, ALJ properly considered combined effect of impairments).

We hold the ALJ properly discounted Davis's assertion that she was unable to work, after the ALJ recognized the requisite credibility factors and considered Davis's daily activities, medical records, and lack of treatment and prescription pain medication. *See Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make); *Gray v. Apfel*, 192 F.3d 799, 803-04 (8th Cir. 1999) (ALJ properly discredited claimant's subjective complaints of pain based on discrepancy between complaints and medical evidence, inconsistent statements, lack of pain medications, and extensive daily activities). In particular, while both psychologists who evaluated Davis thought she would benefit from psychotherapy, she expressed a disinclination to pursue such treatment. *See Banks v. Massanari*, 258 F.3d 820, 825-26 (8th Cir. 2001) (ALJ properly discounted claimant's complaints of disabling depression as inconsistent with daily activities and failure to seek additional psychiatric treatment); *cf. Jones v. Callahan*, 122 F.3d 1148, 1153 (8th Cir. 1997) (ALJ properly concluded claimant did not have severe mental impairment, where claimant was not undergoing regular mental-health treatment or regularly taking psychiatric medications, and where his daily activities were not restricted from emotional causes).

Davis's remaining arguments are also without merit. Accordingly, we affirm.

_____