# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2767

———————

Susan L. George,                              *
                                              *
          Appellant,                          *
                                              *    Appeal from the United States
     v.                                       *    District Court for the Western
                                              *    District of Arkansas.
Michael J. Astrue, Commissioner,              *
Social Security Administration,               *    [UNPUBLISHED]
                                              *
          Appellee.                           *

———————

Submitted: December 5, 2008
    Filed: December 10, 2008

———————

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Susan L. George appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. In her February 2004 application, George alleged she had been disabled since December 2003. After a hearing, an administrative law judge (ALJ) determined that (1) George's impairments of osteoarthritis, dysthymic disorder, and substance abuse were severe but did not

———————

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

equal a listed impairment, either singly or in combination; (2) her allegations regarding her limitations were not entirely credible; (3) she had the residual functional capacity (RFC) to perform a wide range of light work; and (4) she could perform her past relevant work (PRW) as a cashier, hostess, and waitress. We reject George's arguments for reversal as follows.

First, the ALJ correctly found that the evidence George presented did not meet the listing criteria for osteoarthritis, see 20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.02 (listing for major dysfunction of a joint); Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007) (claimant bears burden of establishing severe impairment), and properly considered her impairments in combination, see Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994). Second, the ALJ properly found that George's depression and anxiety were not severe. See Kirby, 500 F.3d at 707 (impairment is not severe if it is only slight abnormality that would not significantly limit mental ability to do basic work activities). Although George has a history of diagnoses of depression, as well as an indication of bipolar disorder, she testified that Effexor helps control her depression, see Brown v. Barnhart, 390 F.3d 535, 540 (8th Cir. 2004) (noting that if impairment can be controlled by treatment, it cannot be considered disabling), and the Psychiatric Review Technique Form in the record indicates that George has only mild and moderate limitations, see 20 C.F.R. Pt. 404, Subpt. P. App. 1, 12.04 (listing for affective disorders), 12.06 (listing for anxiety disorders).

Third, the ALJ properly discounted George's assertion that her pain and other impairments were disabling. The ALJ's finding is supported by his consideration of George's daily activities, her failure to seek medical care as often as would be expected given her assertions of severe and debilitating pain, the lack of objective medical evidence indicating a disability, and some discrepancy in George's reporting of her alcohol and drug use. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make). George presented no supporting evidence that her failure to seek further medical

treatment was due to the expense.  See Osborne v. Barnhart, 316 F.3d 809, 812 (8th Cir. 2003).

Fourth, the ALJ's hypothetical to the vocational expert included all of the restrictions set forth in both the physical and mental RFC assessments, and the ALJ was entitled to include only those impairments that he found to be substantiated by the record.  See Johnson v. Apfel, 240 F.3d 1145, 1148 (8th Cir. 2001) (ALJ may exclude alleged impairments he has properly rejected as untrue or unsubstantiated).  Finally, although George argues that the ALJ did not fully develop the record, she fails to specify what additional records the ALJ should have sought.  The administrative record included medical records from the Charitable Christian Medical Clinic and the Hot Springs Rehabilitation Center, as well as physical and mental consulting examinations.  See Payton v. Shalala, 25 F.3d 684, 686 (8th Cir. 1994) (proper inquiry is whether record contained sufficient evidence for fair determination).

The judgment is affirmed.

_____