# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3855

_____

Linda S. Musial,

          Appellant,

v.

Michael J. Astrue, Commissioner
of Social Security,

          Appellee.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the Western
District of Missouri.

[UNPUBLISHED]

_____

Submitted:  October 1, 2009
Filed:  October 6, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Linda Sue Musial appeals from the district court's[1] order affirming the final decision of the Commissioner of Social Security, which denied her application for disability insurance benefits and supplemental security income.  In her October 2001 application, Musial alleged she has been disabled since August 2001.  After a hearing, an administrative law judge (ALJ) determined that Musial's impairments were severe in combination but did not equal a listed impairment; her allegations regarding the

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

degree of her pain and limitations were not fully credible; she had the residual functional capacity (RFC) to perform light work with some additional limitations; she could perform her past relevant work (PRW) of data entry clerk, accounting clerk, and telephone operator; and the Medical-Vocational Guidelines directed a finding of "not disabled." We reject Musial's arguments for reversal as follows.

Musial argues that the ALJ disregarded the opinions of her treating physicians and instead accorded significant weight to the assessment of Dr. Robert Hughes, a state agency medical consultant who did not examine her. Dr. Hughes essentially found that Musial had the RFC to perform light work, with occasional climbing. Because Musial did not provide medical evidence of specific functional restrictions imposed by her treating doctors that conflicted with Dr. Hughes's RFC analysis, we find the ALJ did not err in crediting his opinion. Although Musial points to treatment notes from Dr. Gregory Markway as indicating that she must lie down for two hours after standing for two hours, the record shows that Dr. Markway was relating Musial's comments to him rather than giving his opinion. Musial also points to a letter from Dr. Karlynn Sievers indicating that Musial required frequent rest breaks to control her pain. Dr. Sievers, however, did not provide a function-by-function analysis of Musial's limitations, and it is unclear what is meant by "frequent rest breaks." Finally, Dr. Ann Warner, a rheumatologist who treated Musial for fibromyalgia, indicated that she would not give an opinion that Musial was unable to work. See Dunahoo v. Apfel, 241 F.3d 1033, 1038-39 (8th Cir. 2001) (ALJ's credibility determination was supported by substantial evidence where he recited appropriate factors and noted inconsistencies in record, such as lack of physician-ordered functional restrictions).

We hold that the ALJ's credibility finding is supported by consideration of Musial's medical records, her daily activities, and her admission that she would have been able to continue working in August 2001 if she had not been let go for salary reasons. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately

explained and supported, credibility findings are for ALJ to make). Finally, the ALJ elicited testimony from the vocational expert that, given the RFC the ALJ found supported by the record, Musial could perform her PRW as it is performed in the national economy. See 20 C.F.R. § 404.1560(b)(2) (VE may offer evidence concerning demands of claimant's PRW, either as claimant actually performed it or as generally performed in national economy); Wagner v. Astrue, 499 F.3d 842, 853-54 (8th Cir. 2007) (ALJ may properly elicit testimony from VE in evaluating claimant's capacity to perform PRW, and may look at functional demands as required by employers in national economy).

Accordingly, we affirm.

_____