# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3528

_____

Renee M. Brown,                                    *
                                                   *
                Appellant,                          *
                                                   *   Appeal from the United States
        v.                                          *   District Court for the Western
                                                   *   District of Missouri.
Michael J. Astrue, Commissioner                    *
of Social Security,                                *   [UNPUBLISHED]
                                                   *
                Appellee.                           *

_____

Submitted:  December 16, 2009
Filed:  December 21, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Renee M. Brown appeals from the district court's[1] order affirming the final decision of the Commissioner of Social Security, which denied her application for disability insurance benefits and supplemental security income. In her August 2002 application, Brown alleged that she has been disabled since August 1, 2002. After a hearing, an administrative law judge (ALJ) determined that Brown's impairments were severe in combination but did not equal a listed impairment; her allegations

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

regarding the degree of her symptoms and limitations were not fully credible; she could perform her past relevant work of home health care attendant and fast food restaurant worker; and the Medical-Vocational Guidelines directed a finding of "not disabled." We reject Brown's arguments for reversal as follows.

Brown argues that the ALJ improperly disregarded the opinions of Drs. Vann A. Smith and Kenneth Sharlin. While Dr. Sharlin assessed that Brown could perform less than sedentary work, the ALJ reasonably accorded more weight to Dr. Ann E. Winkler's assessment that Brown could perform light work because Dr. Winkler was a rheumatology specialist who had treated Brown a number of times, whereas Dr. Sharlin had seen her only twice, and Dr. Winkler's assessment was more consistent with the opinions of the consulting physicians who found that Brown had no or very minimal functional limitations. See 20 C.F.R. § 404.1527(d) (factors to consider in weighing medical opinions). The ALJ discredited the mental assessment by Dr. Smith that Brown was seriously limited or unable to meet competitive standards in all areas, and instead reasonably credited the consulting assessment of Dr. Jeff Farrow that Brown had no mental limitations, because each doctor had examined Brown once, and Dr. Farrow's assessment was more consistent with Brown's treatment history, work history, and complaints. See Wagner v. Astrue, 499 F.3d 842, 849 (8th Cir. 2007) (ALJ may credit other medical evaluation over that of treating physician when other assessment is supported by better medical evidence, or treating physician renders inconsistent opinions); Goff v. Barnhart, 421 F.3d 785, 791 (8th Cir. 2005) (ALJ properly disregarded doctor's opinion of extreme mental limitations because it was inconsistent with doctor's scoring of claimant's global assessment of functioning).

We hold that the ALJ's credibility finding is supported by consideration of Brown's medical records, her lack of mental health treatment, and her ability to continue to perform medium-exertion employment-related tasks. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make). Finally, the ALJ considered the mental health listings

and Brown did not establish that she met the requirements for a listed impairment, <u>see</u> <u>Gonzales v. Barnhart</u>, 465 F.3d 890, 894 (8th Cir. 2006) (claimant bears burden of establishing that impairment meets or equals listed impairment), and the ALJ stated that he was considering her impairments in combination, <u>see</u> <u>Hajek v. Shalala</u>, 30 F.3d 89, 92 (8th Cir. 1994) (where ALJ found that claimant did not have impairment or combination equaling listing-level impairment and referred to evidence as a whole, ALJ properly considered combined effect of impairments).

Accordingly, we affirm.

_____