# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2676

_____

Patricia D. Pratt,

        Appellant,

v.

Michael J. Astrue, Commissioner
of Social Security Administration,

        Appellee.

\* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Western District of Arkansas.

[UNPUBLISHED]

_____

Submitted: March 31, 2010
Filed: April 21, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Patricia D. Pratt appeals from the district court's[1] order affirming the final decision of the Commissioner of Social Security, which denied her application for disability insurance benefits and supplemental security income. In her February 2004 application, Pratt alleged she has been disabled since May 28, 2000. After a hearing, an administrative law judge (ALJ) found that Pratt's impairments of fibromyalgia,

_____

[1]The Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

pain, and depression were severe but did not meet a listed impairment either singly or in combination; her allegations regarding her limitations were not fully credible; she had the residual functional capacity (RFC) to perform the exertional demands of light work with additional limitations; she could not perform her past relevant work; and she could perform work as a surveillance system monitor, call out operator, and order clerk. After the Appeals Council denied review, the district court affirmed.

We reject Pratt's contention that the ALJ improperly disregarded the opinion of neuropsychologist Vann Smith, who examined Pratt once and completed a mental RFC questionnaire wherein he rated her as unable to meet competitive standards or as seriously limited in several categories required for performing unskilled work. We conclude that the ALJ properly discounted the RFC assessment in Dr. Smith's report after finding that it was not supported by the objective evidence in the record and that it contrasted sharply with the evidence in the record as a whole. See Goff v. Barnhart, 421 F.3d 785, 791 (8th Cir. 2005) (global-assessment-of-functioning score of 58 was inconsistent with doctor's opinion that claimant suffered extreme limitations); Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001) (failure to allege depression in disability application was significant); cf. Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993) (report of single-visit psychiatrist who found disabling mental impairments was properly discredited where mental impairment was not alleged in application, claimant had not previously sought or been referred for mental health treatment, and treating doctor noted only occasional periods of anxiety).

Although Pratt argues that the ALJ failed to develop the record regarding her mental limitations, the ALJ referred her for a consultative psychological examination with Robert Hudson, Ph.D., and found that Pratt had mental limitations closely following those set out by Dr. Hudson. See Haley v. Massanari, 258 F.3d 742, 749 (8th Cir. 2001) (record must contain sufficient information for ALJ to make informed decision). The ALJ also properly considered Pratt's impairments in combination. See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994) (where ALJ found claimant did not

have impairment or combination equaling listing-level impairment and referred to evidence as a whole, ALJ properly considered combined effect of impairments).

We conclude that the ALJ gave sufficient weight to the opinion of Pratt's treating physician, Dr. Safwan Sakr, that she had fibromyalgia. The ALJ referred Pratt to Dr. Ted Honghiran for a consultative orthopedic evaluation, and combined elements from the RFC assessments of both doctors in determining Pratt's RFC. Although the ALJ did not include a few of the restrictions assessed by Dr. Sakr, the ALJ noted the lack of objective medical evidence and Pratt's failure to follow Dr. Sakr's treatment recommendations, as well as the fact that Dr. Honghiran's assessment did not include the omitted restrictions. See Wagner v. Astrue, 499 F.3d 842, 849 (8th Cir. 2007) (ALJ may credit another medical evaluation over that of treating physician when other assessment is supported by better medical evidence, or where treating physician renders inconsistent opinions); Goff, 421 F.3d at 790 (treating physician's opinion is given controlling weight if supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence).

We hold that the ALJ's credibility finding is supported by consideration of medical records, daily activities, failure to comply with treatment recommendations, and lack of mental health treatment. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make).

Accordingly, we affirm.

_____

-3-