# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1830

_____

| | | |
|---|---|---|
| Earl Calvin Paschal, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Michael J. Astrue, | * | |
| Commissioner, Social | * | [UNPUBLISHED] |
| Security Administration, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 9, 2010
Filed: April 23, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Earl Calvin Paschal appeals from the district court's[1] order affirming the final decision of the Commissioner of Social Security, which denied his application for disability insurance benefits and supplemental security income. Paschal alleged that he had been disabled since July 18, 2004, due to an earlier back injury. After a

_____

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

hearing, an administrative law judge (ALJ) determined that Paschal's impairment was severe but did not equal a listed impairment; his subjective allegations were not fully credible; he had the residual functional capacity to perform medium work with stooping and crouching restrictions; and he could perform his past relevant work of dishwasher and janitor. We reject Paschal's arguments for reversal as follows.

Paschal argues that the ALJ improperly disregarded the opinions of Dr. Thomas Hart and Dr. Eric Akin, and instead relied on the opinions of Dr. D. Bud Dickson and Dr. Scott Schlesinger, to whom Paschal was referred by his employer's workers' compensation insurance carrier; thus, he argues, the ALJ should have awarded at least a closed period of disability from July 18, 2004, until June 21, 2006, when he was released to medium work by Dr. Akin. Paschal does not offer any medical opinion that he continued to be disabled after June 21. As to the argument for a closed period of disability, we note that Dr. Dickson gave Paschal a complete release to work in June 2003, and we find no error in the ALJ's reliance on that opinion in finding that Paschal could work in July 2004. Between July 2004 and Paschal's February 2006 back surgery, the only opinion in the record indicating that he was unable to work was a September 2005 letter from Dr. Akin, in response to an inquiry from Paschal's attorney, indicating that it was reasonable and necessary for Paschal to have remained off work for the evaluation and treatment of his back pain. This opinion, however, did not specify a time frame, and Dr. Akin's treatment records did not include work restrictions. See Ellis v. Barnhart, 392 F.3d 988, 994-95 (8th Cir. 2005) (medical source opinion that applicant is disabled or unable to work involves issue reserved to Commissioner and is not type of opinion to which controlling weight should be given); Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001) (treating physician's vague and conclusory opinion is not entitled to deference). While Paschal undoubtedly could not work for some period of time following his February back surgery, Dr. Akin had released him to work by June 21. See 42 U.S.C. § 423(d)(1)(A) (impairment must last for continuous period of not less than 12 months).

We hold that the ALJ's credibility finding is supported by consideration of Paschal's medical records, daily activities, inconsistent testimony, and application for unemployment insurance benefits, and by evidence that he had given an unreliable effort during an evaluation of his functional capacity. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make). Finally, Paschal did not establish that he met the requirements for a listed impairment. See Gonzales v. Barnhart, 465 F.3d 890, 894 (8th Cir. 2006) (claimant bears burden of establishing that impairment meets or equals listed impairment).

Accordingly, we affirm.

_____