# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 06-1761

_____

| | | |
|---|---|---|
| Tammy R. Hallam, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Jo Anne B. Barnhart, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: November 15, 2006
Filed: November 27, 2006

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Tammy R. Hallam appeals the district court's[1] order affirming the Commissioner of Social Security's denial of her application for Supplemental Security Income (SSI) benefits. Ms. Hallam filed for benefits on December 31, 2000, alleging disability due to depression, anxiety, and migraine headaches. She was later diagnosed with diabetes in July 2002. Her application was denied, but while appeals were pending a protective application for benefits was filed on August 2, 2002. The

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

two applications were combined for a hearing before an administrative law judge (ALJ). The ALJ determined (1) that Ms. Hallam's impairments of nonspecified depressive disorder, nonspecified anxiety disorder, diabetes mellitus, and complaints of migraines were severe but did not equal a listed impairment, (2) that the testimony of Ms. Hallam and her mother regarding Ms. Hallam's subjective complaints was not fully credible, (3) that Ms. Hallam had the residual functional capacity (RFC) to perform simple, repetitive work at no more than a regular pace and with only occasional contact with coworkers or the public, and (4) that even though she has no relevant work history, Ms. Hallam could be employed in jobs that existed in significant numbers in the national economy, such as a laundry attendant, kitchen helper, or landscape worker. The Appeals Council denied review, and the district court affirmed. Ms. Hallam appeals, arguing that the ALJ improperly discounted her treating physician's opinion, improperly rejected her subjective complaints, and erred in determining her RFC. After reviewing the record, we affirm. See Dukes v. Barnhart, 436 F.3d 923, 926 (8th Cir. 2006) (standard of review).

The ALJ did not improperly discount the medical opinion of Dr. Earl Mauricio, Ms. Hallam's treating physician, when evaluating Ms. Hallam's impairments and abilities. Between February 2000 and October 2002, the medical records from Ms. Hallam's visits with Dr. Mauricio reflect that she was psychiatrically stable, showing psychiatric improvement, maintaining her medication, and doing "pretty good." Ms. Hallam did not self-report any problems, and it was noted that despite events such as her diabetes diagnosis, Ms. Hallam maintained stability. During that same period, Dr. Mauricio filled out no less than five checklists, all showing a consistent decline in Ms. Hallam's abilities to work. Yet there was no corresponding decline noted in the medical records related to Ms. Hallam's mental state or abilities. An ALJ may properly "discount or even disregard the opinion of a treating physician . . . where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (internal marks omitted). Dr. Mauricio's opinions as to Ms. Hallam's abilities and impairments were

inconsistent with and largely unsupported by medical records and other medical opinions. The ALJ's determination to discount these unsupported and inconsistent opinions is supported by substantial evidence on the record as a whole, particularly since the record is clear that the ALJ seriously considered and adopted other supported portions of Dr. Mauricio's medical opinion.

Substantial evidence also supports the ALJ's determination that the testimony of Ms. Hallam and her mother pertaining to Ms. Hallam's subjective complaints was not fully credible. Despite Ms. Hallam's arguments to the contrary, the ALJ recognized the credibility factors set forth in Polaski v. Heckler and properly considered all of Ms. Hallam's daily activities, complaints of pain, medication records, aggravating factors, and functional restrictions. 739 F.2d 1320, 1322 (8th Cir. 1984). If properly supported, credibility determinations are for the ALJ to make, and the ALJ's determination was adequately explained and supported by the record. Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir 2000); see also Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006) (observations by medical personnel during evaluations that claimant was exaggerating complaints can be considered in evaluating claimant's subjective complaints); Choate v. Barnhart, 457 F.3d 865, 871 (8th Cir. 2006) (when making a credibility determination, it is proper for the ALJ to consider a claimant's relevant work history and absence of medical evidence to support subjective complaints); Tindell v. Barnhart, 444 F.3d 1002, 1006 (8th Cir. 2006) (upholding an ALJ's credibility determination as properly made, and noting that the ALJ did not fully discredit all of the claimant's complaints but included supported subjective limitations in the RFC assessment). The ALJ considered information regarding Ms. Hallam's impairments over a period of more than three years, which in this situation is sufficient longitudinal evidence to make a proper determination. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(D)(2) (2005).

Finally, we find no flaw in the hypothetical question posed by the ALJ to the vocational expert. The ALJ limited the hypothetical question to the impairments he

accepted as supported by the record. <u>Goff</u>, 421 F.3d at 794. The ALJ did not completely disregard the opinions of Ms. Hallam's physicians or her subjective complaints, instead he properly incorporated those limitations that were consistent, credible, and supported by the record as a whole. Ms. Hallam contends the limitations set forth by Dr. Mauricio should have been included in the question, but we have already determined that the ALJ's determination regarding Ms. Hallam's abilities was "not outside the zone of choice," and therefore "we cannot conclude that the hypothetical question was flawed" for failing to include these limitations. <u>Hacker v. Barnhart</u>, 459 F.3d 934, 939-40 (8th Cir. 2006).

Accordingly, we affirm the judgment of the district court.

_____