NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4540
_____

MARTA RIVERA DIAZ,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-09-cv-06471)
District Judge:  Honorable Stanley R. Chesler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2011

Before:  SLOVITER, FUENTES and FISHER, *Circuit Judges*.

(Filed: July 27, 2011 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Marta Rivera Diaz appeals the order of the District Court affirming the final

decision of the Commissioner of the Social Security Administration ("Commissioner")

denying her application for Disability Insurance Benefits ("DIB") and Supplemental

Security Income ("SSI") under Title II and Title XVI of the Social Security Act, 42

U.S.C. § 401 *et seq.*  For the reasons stated below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

From 1997 until March 2006, Diaz worked as a clothing presser in a laundry. Diaz filed an application for disability benefits claiming that she had been disabled since March 24, 2006. After the Commissioner denied her application, Diaz requested that an Administrative Law Judge ("ALJ") review the denial. Before the ALJ, Diaz testified that she could not work because of depression and pain. She reported that she visited a therapist and a psychiatrist for treatment of her depression. Diaz also submitted medical evidence that she sought treatment for a variety of physical and mental ailments. Examinations by Dr. Reyes, her primary treating psychiatrist, revealed Diaz had intact cognition, no perceptual disturbances, good memory and judgment, unimpaired concentration, and average intellect. Other examiners, Drs. Arrington and Weistuch, concluded Diaz had restrictions in her ability to learn new tasks, concentrate, and make appropriate decisions, based in each case on one-time consultative examinations.

The ALJ determined that, although Diaz suffered from a severe impairment, she retained the residual functional capacity ("RFC") to perform "light work,"[1] limited to simple, unskilled, repetitive, and low stress jobs involving only occasional contact with supervisors, coworkers, and the public. A vocational expert also testified that Diaz's work as a presser was unskilled and of light exertion. The ALJ then asked the vocational expert if a hypothetical individual could work as a clothing presser given the limitations that the ALJ identified in Diaz's RFC. The vocational expert responded affirmatively. Based on the RFC and the expert's testimony, the ALJ held that Diaz was not disabled and denied her benefits. The District Court affirmed. Diaz timely appealed.

## II.

We review the ALJ's decision to determine whether it is supported by substantial evidence.[2] *See* 42 U.S.C. § 405(g); *Allen v. Barnhart*, 417 F.3d 396, 398 (3d Cir. 2005). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations marks omitted).

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing[.]" 20 C.F.R. §§ 404.1567(b), 416.967(b).

[2] The District Court exercised subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291.

3

The Commissioner employs a five-step process to evaluate whether a claimant is entitled to DIB. Where, as here, a claimant has a severe impairment, but the impairment does not qualify as a listed impairment, "the Commissioner assesses in the fourth step whether, despite the severe impairment, the claimant has the [RFC] to perform h[er] past work." *Allen*, 417 F.3d at 401 n.2. The claimant bears the burden to establish an inability to return to his or her past relevant work, or he or she will be ineligible for DIB. *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

III.

On appeal, Diaz appears to attack the validity of the Commissioner's assessment at step four of the five-step analysis. Diaz argues that the ALJ based its denial of benefits solely on the hypothetical testimony of the vocational expert, and that the ALJ's hypothetical should have contained further limitations with regard to her ability to manage her own money, handle stress, and maintain concentration. We disagree.

Although vocational expert testimony is not required, it may be used in making this determination because such an expert "may offer relevant evidence . . . concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2); *see also Dukes v. Barnhart*, 436 F.3d 923, 928 (8th Cir. 2006). In posing a hypothetical question to a vocational expert, "the ALJ must accurately convey . . . all of a claimant's *credibly established limitations*" as determined in the RFC.

4

*Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (emphasis in original).  If the hypothetical question does not include "medically undisputed evidence of specific impairments" in the record then "the expert's response is not considered substantial evidence." *Burns v. Barnhart,* 312 F.3d 113, 123 (3d Cir. 2002).  The hypothetical here was premised on the ALJ's RFC assessment limiting Diaz's work to simple jobs involving occasional contact with supervisors, coworkers, and the public.

The ALJ's RFC assessment was thorough, as it compared medical examinations spanning several years and explained its decision to credit certain medical evidence.  The ALJ specifically credited the findings of Dr. Reyes, who treated Diaz regularly from 2004 through 2007, and who concluded that Diaz had no significant mental limitations and could manage her own benefits.  In contrast, the ALJ found that the evidence supporting Diaz's characterization of her mental limitations was unpersuasive because it was largely supported by one-time consultative examinations and premised on her own subjective complaints.  *See Rutherford*, 399 F.3d at 554 ("Limitations that are medically supported but are also contradicted by other evidence in the record may or may not be found credible[.]").  Diaz points to statements by Drs. Weistuch and Arrington that suggest she had difficulty managing her own benefits and that she was not appropriately dealing with stress.  As the ALJ explained, however, these statements contradicted the findings from Dr. Reyes that Diaz could manage her own money.  *See Plummer*, 186 F.3d at 429 ("An ALJ may reject a treating physician's opinion outright only on the basis

5

of contradictory medical evidence[.]").  Moreover, the ALJ incorporated Diaz's limitations by including in the hypothetical the restrictions of simple, unskilled, repetitive, and low stress work.  The ALJ reasonably determined that a more restricted characterization of Diaz's ability to concentrate and manage her own benefits was not supported by substantial medical evidence.  Thus, that characterization was properly excluded from the RFC and the hypothetical.  *See Burns,* 312 F.3d at 129.

After the ALJ properly concluded that Diaz had the RFC to perform light work, it considered the vocational expert's testimony, based on the hypothetical question representing all of Diaz's credible impairments.  *See id.* at 123.  The vocational expert testified that Diaz could perform her past relevant work, as it is generally performed in the national economy.  *See* 20 C.F.R. § 404.1560(b)(2).  Therefore, the ALJ's determination that Diaz was ineligible for DIB is supported by substantial evidence.[3]

IV.

For the foregoing reasons, we will affirm the order of the District Court.

---

[3] Diaz also contends that a remand for calculation of benefits is warranted. Because the ALJ's decision to deny Diaz benefit at step four was supported by substantial evidence, the ALJ was not required to reach the fifth step.  *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).  Thus, a remand is not necessary.